# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN HUBBS, | ) | 1:10-cv-02218 GSA |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | FOR FAILURE TO STATE A CLAIM |
| v. | ) | UPON WHICH RELIEF COULD BE |
| | ) | GRANTED |
| | ) | |
| STEPHEN MAYBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.   Screening Requirement

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the individual has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed his consent to proceed before a magistrate judge on December 17, 2010 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff currently resides at Coalinga State Hospital. Plaintiff names as defendants in this action Stephen Mayberg, Director of the California Department of Mental Health and Pamela Ahlin, Executive Director of Coalinga State Hospital. Plaintiff's claim is "the unconstitutional taking of money and property by defendants Stephen Mayberg and Pamela Ahlin, from plaintiff Norman Hubbs, under the guise of administrative authority and under the color of law where no such authority or law exists."

Specifically, Plaintiff alleges that he has been and continues to be charged ten cents per page for copies of laboratory test results which are required to be provided to him pursuant to California Health and Safety Code Section 123148(i).[2] Plaintiff's construction of the statute, that he has a right to receive free copies of his test results in a written form, is the basis of his claim that he has been deprived of property in violation of the Fourth, Fifth and Fourteenth Amendments.

### B. Deprivation of Property

Plaintiff has a protected interest in his personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, [a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

---

[2] Section 123148(i) provides that a patient may not be required to pay for test results received in forms other than internet posting or other electronic format.

2

California law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to the suit. State v. Superior Court of Kings County Bodde, 32 Cal. 4th 1243, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477. To the extent that Plaintiff alleges the confiscation of his property was unauthorized and intentional, Plaintiff's remedy would be found under California law.

### III. Conclusion and Order

Plaintiff's complaint does not state a cognizable claims under section 1983. Plaintiff's claims arises from his allegation that he was charged a fee for copies of his medical records in violation of state law. Plaintiff specifically claims an unauthorized deprivation of his property. Plaintiff's remedy is available under California law. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY ORDERS that this action is dismissed, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Clerk is directed to close this case.

IT IS SO ORDERED.

    Dated: __**October 30, 2013**__            __**/s/ Gary S. Austin**__
                                                           UNITED STATES MAGISTRATE JUDGE